# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

BRIAN KEITH BALLARD, )
           Plaintiff, )
v. ) Case No. CIV-11-363-RAW
MICHAEL J. ASTRUE, )
Commissioner of Social )
Security Administration, )
           Defendant. )

## REPORT AND RECOMMENDATION

Plaintiff Brian Keith Ballard (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally*, Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on April 27, 1970 and was 40 years old at the time of the ALJ's decision. Claimant completed his high school education. Claimant has worked in the past as a electrician, heavy equipment operator, gambling dealer, and carpenter. Claimant alleges an inability to work beginning January 1, 2008 due to

3

limitations resulting from degenerative joint disease and arthritis of multiple joints, patellar dislocation, tendon and ligament tears, and severe chondromalacia of the left knee, degenerative disc disease of the lumbar spine, diabetes mellitus, obesity, migraine headaches, chronic pain syndrome, and anxiety and depression.

### Procedural History

On January 27, 2009, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On July 27, 2010, an administrative hearing was held before ALJ Osly F. Deramus in Poteau, Oklahoma. On August 25, 2010, the ALJ issued an unfavorable decision on Claimant's applications. The decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform a full range of sedentary

work with some limitations.

## Errors Alleged for Review

Claimant asserts the ALJ committed error in: (1) failing to properly evaluate the opinion of Claimant's treating physician; and (2) failing to consider all of Claimant's impairments in his RFC assessment.

## Treating Physician's Opinion

In his decision, the ALJ determined Claimant suffered from the severe impairments of degenerative joint disease and torn tendons of the left knee, diabetes mellitus, arthritis, and degenerative disc disease of the lumbar spine. (Tr. 13). He found that Claimant retained the RFC to lift and/or carry at least 10 pounds occasionally and at least 10 pounds frequently, to stand and/or walk for at least 2 hours in an 8 hour workday, and to sit for at least 6 hours in an 8 hour workday. The ALJ imposed the additional limitations of Claimant only occasionally stooping and balancing and never crouching, crawling, kneeling, and climbing stairs or ladders. (Tr. 18). After consultation with a vocational expert, the ALJ found Claimant could perform the representative jobs of table worker, and film touch-up inspector. (Tr. 27).

Claimant contends the ALJ should have given the opinion of Dr. Mark Rogow, his treating physician, controlling weight. On August

5

21, 2009, Dr. Rogow completed an Attending Physician's Statement on Claimant. He characterized the nature and severity of Claimant's condition as "Severe (Most physical activity is precluded)." Dr. Rogow answered affirmatively that (1) emotional factors contribute to the severity of Claimant's symptoms and functional limitations; (2) Claimant's symptoms are severe enough to interfere with attention and concentration; (3) Claimant's impairments are reasonably consistent with the symptoms and functional limitations described in the evaluation; (4) Claimant's symptoms are severe enough to affect his ability to tolerate work stress; (5) Claimant will sometimes need to take unscheduled breaks during an 8 hour work shift; (6) Claimant will sometimes need to lie down or rest at unpredictable intervals during an 8 hour workday; (7) under the question of whether Claimant would need a job which permits ready access to a restroom, Dr. Rogow states "probably can not work at all"; (8) Claimant's impairments are likely to produce "good days" and "bad days"; (9) under the question of whether Claimant has the ability to ambulate effectively, Dr. Rogow wrote "short distances with cane"; (10) Claimant is not expected to experience a fundamental or marked change for the better in the future; and (11) Claimant, on average, will have to take off more than four days per month. Dr. Rogow wrote under the "comments" section of the form

that "in my opinion patient is totally and permanently disabled." (Tr. 336-37).

Dr. Rogow limited Claimant to maximum continuous sitting for 15 minutes and cumulative sitting to 2 hours; maximum continuous standing and walking for 15-30 minutes with cumulative standing and walking limited to 1 hour and combined walking and standing to between 1 and 1 ½ hours. Lifting and carrying is limited to occasionally up to 10 pounds and frequently up to 5 pounds. Claimant was limited by Dr. Rogow to never squatting, crawling, climbing, reaching with the left arm, stooping, crouching, and kneeling. (Tr. 337-38). Claimant also cannot use foot controls. He is limited such that he is not exposed to unprotected heights, being around moving machinery, exposed to marked temperature changes, driving automotive equipment, and exposed to noise. (Tr. 339).

On May 19, 2010, Dr. Rogow prepared a Medical Statement Regarding Knee Problem for Social Security Disability Claim form. Dr. Rogow set forth the various conditions affecting Claimant's knees. He concluded Claimant suffered "severe" pain in his right knee and "extreme" pain in his left knee. Dr. Rogow estimated Claimant could not work. He estimated Claimant could stand for 5 minutes and sit for 30 minutes, occasionally lift 5 pounds and lift

7

no weight frequently, and never bend, stoop, or climb ladders. Claimant could be expected to take unscheduled breaks from work and it would be necessary for Claimant to lie down at unpredictable intervals during a workday. The pain associated with Claimant's condition would affect his ability to maintain attention and concentration and he could be expected to miss more than four days per month from work. (Tr. 550-51).

On September 25, 2009, Dr. Rogow prepared a Medical Source Statement of Ability to Do Work-Related Activities (Mental) form on Claimant. He opined that Claimant was markedly limited in the areas of carrying out detailed instructions, maintaining attention and concentration for extended periods, performing activities within a schedule, maintaining regular attendants and being punctual, sustaining an ordinary routine without special supervision, completing a normal workday or workweek, performing at a consistent pace, interacting appropriately with the public, getting alone with coworkers and peers, maintaining socially appropriate behavior, responding appropriately to changes in the work setting, and setting realistic goals or making plans independently of others. (Tr. 359-60).

In his decision, the ALJ afforded Dr. Rogow's opinions "little weight" as not being fully supported by the medical evidence. (Tr.

24). The ALJ erroneously states that the first time Claimant experienced back pain was the 4th of July in 2008 when, in fact, the medical record indicates Claimant complained of back pain after a motor vehicle accident in September of 2007. (Tr. 536). Claimant's condition deteriorated significantly after he suffered a knee injury in January of 2010. The ALJ's reliance upon Dr. Rogow's records prior to this time to discount his opinions is myopic in interpreting Dr. Rogow's clinical findings.

In deciding how much weight to give the opinion of a treating physician, an ALJ must first determine whether the opinion is entitled to "controlling weight." Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). An ALJ is required to give the opinion of a treating physician controlling weight if it is both: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) "consistent with other substantial evidence in the record." Id. (quotation omitted). "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." Id.

Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." Id. (quotation omitted). The

9

factors reference in that section are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. Id. at 1300-01 (quotation omitted). After considering these factors, the ALJ must "give good reasons" for the weight he ultimately assigns the opinion. 20 C.F.R. § 404.1527(d)(2); Robinson v. Barnhart, 366 F.3d 1078, 1082 (10th Cir. 2004)(citations omitted). Any such findings must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reason for that weight." Id. "Finally, if the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so." Watkins, 350 F.3d at 1301 (quotations omitted).

The ALJ failed to give adequate justification for the wholesale rejection of Dr. Rogow's multiple opinions. On remand,

he shall re-evaluate the evidence and provide specific reasons for the significant reduction in the weight provided to the treating physician's opinions.

### RFC Determination

Since Dr. Rogow's opinions must be re-evaluated, the ALJ shall also reconsider his assessment of Claimant's RFC. In particular, the ALJ shall make findings concerning any limitations imposed by Claimant's injuries to his knees.

### Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 20th day of February, 2013.

                                                _____
                                                KIMBERLY E. WEST
                                                UNITED STATES MAGISTRATE JUDGE